UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANIQUA RIVALIS,

                  *Plaintiff*,

-against-

KILOLO KIJAKAZI,
 ACTING COMMISSIONER
 OF SOCIAL SECURITY,

                 *Defendant.*

22-CV-02359 (ALC)

OPINION & ORDER

**ANDREW L. CARTER, JR., District Judge:**

      Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. ECF No. 23. Plaintiff requests she should be awarded $13,572.80 in attorney's fees for 57.3 hours of counsel's work and 0.5 hours of paralegal's work under the EAJA. *Id.* Plaintiff calculates the attorney hourly rate at $236.00 and the paralegal hourly rate at $100.00. *Id*. Additionally, Plaintiff seeks EAJA fees for an additional 2.60 hours spent reviewing Defendant's opposition to the EAJA fees and drafting her response. ECF No. 28 at 6. In total, Plaintiff requests fees in the amount of $14,186.40. The government argues Plaintiff's requested amount is "excessive and unreasonable" on the basis that (1) Plaintiff's case did not present complex issues; (2) Plaintiff's counsel represented Plaintiff during the administrative proceedings, and counsel's work is duplicative of work conducted during those proceedings; and (3) Plaintiff's counsel has approximately 26 years of experience in Social Security law. ECF No. 27 at 4-5, 7-8. The government requests the fee award be limited to $10,292.40. ECF No. 31 at 2.

1

Under the EAJA, a prevailing party against the United States is entitled to "reasonable" attorneys' fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The motion may include time spent preparing and defending the fee motion. See *Comm'r v. Jean*, 496 U.S. 154, 162, 166 (1990). District courts have broad discretion in determining the reasonableness of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court may consider the following factors in reaching its determination: the size of the administrative record, counsel's experience, the complexity of the matter, and whether counsel represented the prevailing party in the underlying administrative proceedings. *See Rivera v. Kijakazi*, 1:21-CV-111174-GRJ, 2023 WL 2390688, at *1 (S.D.N.Y. Mar. 7, 2023); *George Ortiz v. Comm'r of Soc. Sec.*, No. 20-CV-5715 (AJN) (SN), 2022 WL 2713571, at *2 (S.D.N.Y. July 13, 2022) (same).

In this case, the government does not argue that the statutory requirements have not been met, nor that Plaintiff's proposed rates are unreasonable. The government contends the requested EAJA fees for 57.3 hours of counsel's work are excessive and unreasonable because Plaintiff's counsel has requested fees for duplicative record review and factual summaries. ECF No. 27 at 4. Defendant also contends the issues raised in this matter are routine. *Id.* at 7. Courts within the Second Circuit have generally awarded 20 to 40 hours as a reasonable rule of thumb for Social Security actions. *See Rivera*, 2023 WL 2390688, at *1. Courts have awarded attorney's fees of more than 40 hours where the administrative record is voluminous. *See Ortiz*, 2022 WL 2713571, at *2 ("Here, the Court concludes that the considerable 2,146-page administrative record justifies exceeding the 40-hour benchmark as the Plaintiff's counsel did."). *See also Price v. Comm'r of Soc. Sec.*, No. 19-CV-8499 (JPO), 2022 WL 1567463, at *2 (S.D.N.Y. May 18, 2022) (determining billing 60.4 hours is reasonable for a 1,551-page record). But "the length of the administrative record is not dispositive in determining the number of hours reasonably

expended." *Banks v. Berryhill*, No. 10-CIV-6462 (KMK) (JCM), 2017 WL 3917141, at *4 (S.D.N.Y. June 30, 2017), *report and recommendation adopted*, No. 10-CV-6462 (KMK) (JCM), 2017 WL 3923676 (S.D.N.Y. Sept. 6, 2017).

The Court acknowledges that Plaintiff's counsel has extensive experience in this area of law, and as he represented Plaintiff in the administrative proceedings, counsel was familiar with the record. However, "courts in this District have rejected the notion that experience alone should justify a reduction of hours." *Holman v. Comm'r of Soc. Sec.*, No. 19-CV-4393 (PGG) (KHP), 2021 WL 9036256, at *3 (S.D.N.Y. July 19, 2021). *See also Ortiz*, 2022 WL 2713571, at *2 (concluding counsel's experience and familiarity with the factual record did not warrant a reduction in requested fees and awarding 66.5 hours of work on a 2,146-page record); *Daily v. Comm'r of Soc. Sec.*, No. 18-CV-1080 (AT) (KNF), 2020 WL 1322528 (S.D.N.Y. Mar. 19, 2020) (rejecting argument that the Court should penalize Plaintiff's counsel's fee application for "unusually voluminous" record of more than 900 pages when counsel had over 30 years' experience in Social Security law); *Nieves v. Acting Comm'r of Soc. Sec.*, No. 20-CV-4179 (JLC), 2023 WL 154556, at *2 (S.D.N.Y. Jan. 11, 2023) (finding 62.8 hours of work on a 2,234-page record was reasonable). Here, the Court concludes that due to the lengthy 2,775-page record in this matter, Plaintiff is justified in seeking fees for 57.3 hours worked.

Upon due consideration, it is **ORDERED**:

1. Plaintiff is awarded attorney's fees under the EAJA in the amount of $14,186.40.
2. The Clerk is respectfully directed to terminate Plaintiff's Motion for Attorney's Fees, ECF No. 23.

**SO ORDERED.**

**Dated:** **June 20, 2023**
        **New York, New York**

                                       **ANDREW L. CARTER, JR.**
                                       **United States District Judge**